<u>IN THE UNITED STATES DISTRICT COURT</u>
<u>FOR THE EASTERN DISTRICT OF PENNSYLVANIA</u>

```
FRANK DeGEORGE,                  )
                                 )  Civil Action
              Plaintiff          )  No. 11-cv-04288
                                 )
        v.                       )
                                 )
FINANCIAL RECOVERY SERVICES, INC., )
                                 )
              Defendant          )
```

                         *    *    *

APPEARANCES:

          CRAIG T. KIMMEL, ESQUIRE
               On behalf of Plaintiff

          SHAWN A. BOZARTH, ESQUIRE
               On behalf of Defendant

                         *    *    *

                  <u>O P I N I O N</u>

JAMES KNOLL GARDNER
United States District Judge


          This matter is before the court on Defendant's Motion

to Dismiss filed September 22, 2011[1].  Plaintiff's Opposition to

Defendant's Motion to Dismiss was filed October 6, 2011[2].

          For the reasons expressed below, I grant in part and

deny in part defendant's motion to dismiss.  Specifically, I

---

          [1]    Defendant's Motion to Dismiss was accompanied by Defendant's
Memorandum of Law in Support of Its Motion to Dismiss.

          [2]    Plaintiff's Opposition to Defendant's Motion to Dismiss was
accompanied by Plaintiff, Frank DeGeorge's Brief in Opposition to Defendant,
Financial Recovery Services, Inc.'s Motion to Dismiss Pursuant to F.R.C.P.
12(b)(6).

grant defendant's motion to dismiss to the extent it contends that plaintiff fails to allege sufficient facts to state a claim under Section 1692d of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 - 1692p ("FDCPA")(which prohibits harassment by a debt collector).

I deny defendant's motion to dismiss in all other respects. Specifically, I conclude that the allegations in plaintiff's Complaint are sufficient to state a claim under Section 1692e of the FDCPA (which prohibits false, deceptive or misleading representations by a debt collector) and Section 1692f (which prohibits unfair or unconscionable means to collect a debt).

<u>JURISDICTION</u>

This court has jurisdiction in this matter pursuant to 15 U.S.C. § 1692k(d)[3] and 28 U.S.C. § 1331 because plaintiff's Complaint alleges that defendant violated the federal Fair Debt Collection Practices Act, and thus poses a federal question.

---

[3]     Section 1692k(d) provides that

           An action to enforce any liability created by this
           subchapter may be brought in any appropriate United States
           district court without regard to the amount in controversy,
           or in any other court of competent jurisdiction, within one
           year from the date on which the violation occurs.

15 U.S.C. § 1692k(d).

VENUE

Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because defendant resides in this judicial district.[4]

STANDARD OF REVIEW

A claim may be dismissed under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted."  Fed.R.Civ.P. 12(b)(6).  A Rule 12(b)(6) motion requires the court to examine the sufficiency of the complaint.  Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957) (abrogated in other respects by Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

Generally, in ruling on a motion to dismiss, the court relies on the complaint, attached exhibits, and matters of public record, including other judicial proceedings.  Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2008).

Except as provided in Federal Rule of Civil Procedure 9, a complaint is sufficient if it complies with Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."

---

[4]    Because defendant is an entity with the capacity to be sued, it is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction with respect to this civil action.  28 U.S.C. § 1391(c)(2).  Because defendant conducts business in this judicial district, it is subject to this court's personal jurisdiction.  (See Complaint, ¶¶ 3, 6, 16-18, 20-22, 25-26, and 30; 28 U.S.C. § 1391(d)).  Therefore, venue lies in this judicial district.

Fed.R.Civ.P. 8(a)(2).  Rule 8(a)(2) "[does] not require
heightened fact pleading of specifics, but only enough facts to
state a claim to relief that is plausible on its face." <u>Twombly</u>,
550 U.S. at 570, 127 S.Ct. at 1974, 167 L.Ed.2d at 949.[5]

        In determining whether a plaintiff's complaint is
sufficient, the court must "accept all factual allegations as
true, construe the complaint in the light most favorable to the
plaintiff, and determine whether, under any reasonable reading,
the plaintiff may be entitled to relief." <u>Fowler</u>, 578 F.3d
at 210 (quoting <u>Phillips v. County of Allegheny</u>, 515 F.3d 224,
233 (3d Cir. 2008)).

        Although "conclusory or bare-bones allegations" will
not survive a motion to dismiss, <u>Fowler</u>, 578 F.3d at 210, a
complaint may not be dismissed "merely because it appears
unlikely that the plaintiff can prove those facts or will
ultimately prevail on the merits." <u>Phillips</u>, 515 F.3d at 231.
Nonetheless, to survive a 12(b)(6) motion, the complaint must

---

        [5]     The opinion of the United States Supreme Court in <u>Ashcroft v.
Iqbal</u>, 556 U.S. 662, 684, 129 S.Ct. 1937, 1953, 173 L.Ed.2d 868, 887 (2009),
states clearly that the  "facial plausibility" pleading standard set forth in
<u>Twombly</u> applies to all civil suits in the federal courts.  <u>Fowler v. UPMC
Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009).

        This showing of facial plausibility then "allows the court to draw
the reasonable inference that the defendant is liable for the misconduct
alleged," and that the plaintiff is entitled to relief.  <u>Fowler</u>, 578 F.3d at
210 (quoting <u>Iqbal</u>, 556 U.S. at 678, 129 S.Ct. at 1949, 173 L.Ed.2d at 884).

        As the Supreme Court explained in <u>Iqbal</u>, "[t]he plausibility
standard is not akin to a 'probability requirement,' but it asks for more than
a sheer possibility that the defendant acted unlawfully." <u>Iqbal</u>, 556 U.S.
at 678, 129 S.Ct. at 1949, 173 L.Ed.2d at 884.

provide "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]."  Id. (quoting Twombly, 550 U.S. at 556, 127 S.Ct. at 1965, 167 L.Ed.2d at 940) (internal quotation omitted).

The court is required to conduct a two-part analysis when considering a Rule 12(b)(6) motion.  First, the factual matters averred in the complaint, and any attached exhibits, should be separated from legal conclusions asserted therein. Fowler, 578 F.3d at 210.  Any facts pled must be taken as true, and any legal conclusions asserted may be disregarded.  Id. at 210-211.

Second, the court must determine whether those factual matters averred are sufficient to show that the plaintiff has a "plausible claim for relief."  Id. at 211 (quoting Iqbal, 556 U.S. at 679, 129 S.Ct. at 1950, 178 L.Ed.2d at 884).

Ultimately, this two-part analysis is "context-specific" and requires the court to draw on "its judicial experience and common sense" to determine if the facts pled in the complaint have "nudged [plaintiff's] claims" over the line from "[merely] conceivable [or possible] to plausible." Iqbal,556 U.S. at 680, 129 S.Ct. at 1950-1951, 178 L.Ed.2d at 884-885 (internal quotations omitted).

A well-pleaded complaint may not be dismissed simply because "it strikes a savvy judge that actual proof of those

facts is improbable, and that a recovery is very remote and unlikely."  Twombly, 550 U.S. at 556, 127 S.Ct. at 1965, 167 L.Ed.2d at 940-941.

FACTS

Based upon the averments in plaintiff's Complaint, which I must accept as true under the applicable standard of review discussed above, the pertinent facts are as follows.

Plaintiff Frank DeGeorge is an adult individual who resides in Lancaster, Lancaster County, Pennsylvania.  Defendant Financial Recovery Services, Inc.("FRS") is a national debt collection company with corporate headquarters in Minneapolis, Minnesota, that sought to collect an alleged consumer debt from plaintiff.  Plaintiff's alleged debt arose from transactions primarily for personal, family, and household purposes.[6]

On November 8, 2010, defendant sent a letter to plaintiff seeking payment of the alleged debt ("November 8, 2010 letter")[7].  This letter stated in capital, bolded font at the top, "INCREDIBLE SPECIAL DISCOUNT POSSIBLE".[8]

The November 8, 2010 letter did not disclose the substance of its "special discount" or "incredible offer".  Instead, the letter indicated that the offer would expire in 35

---

[6]     Complaint at ¶¶ 6-9 and 16.

[7]     The November 8, 2010 letter is attached to plaintiff's Complaint as Exhibit "A".

[8]     Complaint at ¶¶ 17 and 18.

days, and that plaintiff had to call defendant to take advantage of the offer.[9]

However, in reality, no deadline actually existed. Rather, the false deadline was used to create a false sense of urgency in the plaintiff.  Moreover, the letter encouraged plaintiff to borrow money or to request assistance from a friend or family member.[10]

On January 5, 2011 defendant sent a second letter seeking payment of the alleged debt ("January 5, 2011 letter")[11]. This letter indicated at the top, in capital, bolded font, that "PAYMENTS ARE AN OPTION".  However, defendant was solely offering plaintiff the option to make three monthly payments of $25.00. Plaintiff was expected to pay the remaining balance of $11,613.81 in full after making three monthly installment payments of $25.00.[12]

On January 20, 2011 defendant sent plaintiff a third letter seeking payment of the alleged debt ("January 20, 2011 letter").[13]  At the top of this letter, in capital, bolded font, were the words "INCREDIBLE TAX SEASON DISCOUNT."  The letter did

---

[9]     Complaint at ¶¶ 20 and 21.

[10]    Complaint at ¶ 21.

[11]    The January 5, 2011 letter is attached to plaintiff's Complaint as Exhibit "B".

[12]    Complaint at ¶¶ 22-24.

[13]    The January 20, 2011 letter is attached to plaintiff's Complaint as Exhibit "C".

not disclose the "special discounts" available to plaintiff. Rather, the letter indicated that plaintiff had to call the defendant to find out the details of the "special discounts". The letter also indicated that the offer was contingent on defendant's approval.[14]

The January 20, 2011 letter also indicated that the offer would "expire 35 days after January 20, 2011".[15]  However, in reality, no deadline existed and defendant used the false deadline to create a false sense of urgency in plaintiff.[16]

None of the letters explicitly state, and defendant did not disclose, what the terms of the offers were, and they did not provide a means to accept the offers stated therein.[17]

On July 1, 2011 plaintiff filed a Complaint against defendant, which alleged that defendant, by sending the three letters, violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA").  Specifically, plaintiff's Complaint alleges that defendant violated 15 U.S.C. §§ 1692d, 1692e and 1692f of the FDCPA.[18]

---

[14]     Complaint at ¶¶ 25-30.

[15]     Exhibit C to Complaint.

[16]     Complaint at ¶ 30.

[17]     Complaint at ¶ 32.

[18]     Complaint at ¶ 38.

## DISCUSSION

### Section 1692d: Harassment or Abuse

Section 1692d of the Fair Debt Collection Practices Act provides that a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  15 U.S.C. § 1692d.  Section 1692d provides six examples of conduct that constitutes harassment or abuse by a debt collector, including,

> (1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.

> (2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.

15 U.S.C. § 1692d(1)-(2).[19]

Generally, whether conduct harasses, oppresses, or abuses will be a question for the jury.  Regan v. Law Offices of Edwin A. Abrahamsen & Ass., 2009 U.S.Dist. LEXIS 112046,at *18 (E.D.Pa. December 1, 2009) (quoting Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1179 (11th Cir. 1985)).  However, the conduct plaintiff alleges must still meet a threshold level in which the facts support a reasonable inference that he has made a plausible

---

[19]     The other examples of harassment, which are not pertinent to the within action, are the "publication of a list of consumers who allegedly refuse to pay debts"; the "advertisement for sale of any debt to coerce payment of the debt"; "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number"; and the "placement of telephone calls without meaningful disclosure of the caller's identity".  See 1692d (3)-(6).

claim to relief under 1692d.  Accordingly, a court will not permit "bizarre or idiosyncratic interpretations of collection notices".  Campuzano-Burgos v. Midland Credit Mgmt., 550 F.3d 294, 298 (3d Cir. 2006) (quoting Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008)).

Rather, violations of 1692d involve "tactics intended to embarrass, upset, or frighten a debtor."  Hammett v. Allianceone Receivables Management, Inc., 2011 U.S.Dist. LEXIS 97330, at *18 (E.D.Pa. Aug. 30, 2011) (Buckwalter, S.J.).  A debt collection letter does not constitute harassment when it does not "threaten [p]laintiff, contain any offensive language, or attempt to coerce the payment of the debt in any way."  Id.

In Hammett, a plaintiff brought a claim pursuant to the FDCPA asserting that a letter defendant sent to plaintiff violated Section 1692d.  Plaintiff contended that the letter violated 1692d because it did not identify the original creditor; it required the plaintiff to either consent to a withdrawal of funds from his bank account or purchase a money order; it did not provide a space for plaintiff to specify the amount to withdraw or the date the funds should be withdrawn; and multiple addresses for the debt collector were listed.  Hammett, 2011 U.S.Dist. LEXIS 69207, at *1-2.

My colleague, Senior Judge Ronald L. Buckwalter of the United States District Court for the Eastern District of

Pennsylvania, granted defendant's motion to dismiss plaintiff's 1692d claim because the letter did not threaten plaintiff, contain any offensive language, or attempt to coerce the payment of the debt.  Id. at *18.

Here, plaintiff contends that defendant violated Section 1692d by sending the November 8, 2010 letter to plaintiff.  However, nothing in the letter threatened plaintiff. Nor did the letter contain offensive language or attempt to coerce the payment of the debt.  Rather, the letter merely suggested that plaintiff attempt to pay off his debt by borrowing money from someone or going to his friends or family members for support.

Similar to the letter in Hammett, I conclude that the November 8, 2010 letter, which suggested that plaintiff look to friends and family to borrow money, does not rise to the level of seriousness of the conduct that 1692d is intended to prevent. See Hammett, 2011 U.S.Dist. LEXIS 97330, at *17-18; see also Thomas v. LDG Financial Services, LLC, 463 F.Supp.2d 1370, 1371-72 (N.D.Ga. 2006) which granted a motion to dismiss for a 1692d claim when defendant allegedly told the plaintiff that the creditor was going to be paid "one way or the other," yelled that "Georgia is a garnishable state," and then hung up the phone.[20]

---

[20]    See also, Guajardo v. GC Services, LP, 2009 WL 3715603, at *1 (S.D.Tex. 2009) which granted defendant summary judgment on a 1692d claim

(Footnote 20 continued):

Plaintiff contends that defendant knew that plaintiff did not have the money to repay his debt, and therefore would be unable to secure a loan.  Therefore, plaintiff contends that the sole purpose of the November 8, 2010 letter was to harass, oppress, or abuse plaintiff.[21]  However, plaintiff's contentions about the knowledge and intent of defendant are not alleged in plaintiff's Complaint, and as such I will not consider them in conjunction with defendant's motion to dismiss.[22]

Plaintiff also contends that the November 8, 2010 letter was harassing because defendant pressured plaintiff to reveal embarrassing information to third parties, and that

---

(Continuation of footnote 20):

where plaintiff claimed that defendant called plaintiff a "liar" and stated, "I can tell the kind of life you live by the fact that you don't pay your bills on time".

[21]    Plaintiff's Opposition to Defendant's Motion to Dismiss at pages 12-13.

[22]    Plaintiff has not provided any authority which indicates that defendant's knowledge of plaintiff's financial condition impacts whether plaintiff can state a viable 1692d claim.  Generally, "FDCPA claims are governed by an objective 'least sophisticated debtor' standard that does not take into account the unique circumstances of the individual debtor."  Healey v. Trans Union LLC, 2011 U.S.Dist. LEXIS 53522 (W.D. Wash. May 18, 2011).

However, the intent and knowledge of the debt collector may in certain circumstances impact whether a plaintiff states a claim under Section 1692d.  See Clark v. Capital Credit & Collection Services, 460 F.3d 1162, 1178 (9th Cir. 2006).  The Circuit Court of Appeals in Clark stated that "a trier of fact would certainly be reasonable in finding that, if [defendant] knew the debt she was collecting was invalid, the natural consequence of repeatedly calling [plaintiff] to demand payment of that debt was to 'harass, oppress, or abuse' plaintiff".

Nevertheless, because plaintiff's allegations concerning defendant's knowledge and intent do not appear in his Complaint, I do not consider plaintiff's contentions regarding defendant's knowledge as a basis for his 1602d claim.

"embarrassing disclosures is the exact type of conduct that [C]ongress sought to end when it passed the FDCPA."[23]

Section 1692d(3) states that a debt collector may not publish "a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements" of other sections of the Act.  15 U.S.C. § 1692d(3).

However, nothing in Section 1692 suggests that a goal of FDCPA is to prevent debtors from revealing private information about themselves.  Therefore, the November 8, 2010 letter, which suggested plaintiff borrow money from friends or family to pay his alleged debt does not implicate Section 1692d(3).  The privacy issue which the FDCPA sought to prevent was debt collectors revealing private information about debtors, not debt collectors encouraging debtors to reveal information about themselves.

Because plaintiff does not aver sufficient facts to support a plausible claim for relief under Section 1692d, I grant defendant's motion to the extent that it contends that plaintiff fails to state a claim under 1692d.  However, I give plaintiff until October 26, 2012 to file an Amended Complaint which alleges sufficient facts to state a plausible Section 1692d claim.

─────────────

[23]     Plaintiff's Opposition to Defendant's Motion to Dismiss at page 13, citing 15 U.S.C. 1692(a), which states that "abusing debt collection practices contribute to...invasions of individual privacy".

Section 1692e: False or misleading representations

Section 1692e of the FDCPA provides that a "debt collector may not use false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  Section 1692e further states that the following conduct is a violation of this section:

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a customer.

15 U.S.C. § 1692e(10).

The United States Court of Appeals for the Third Circuit requires a district court to analyze the statutory requirements of the FDCPA "from the perspective of the least sophisticated consumer."  Campuzano, 550 F.3d at 298 (3d Cir. 2008) (quoting Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008)).

However, even the "least sophisticated consumer" is presumed to have a "basic level of understanding" and a "willingness to read" collection letters with care.  Campuzano, 550 F.3d at 298.

Therefore, a communication is misleading or deceptive for purposes of the FDCPA if "it can be reasonably read to have two or more different meanings, one of which is inaccurate, viewed from the perspective of the least sophisticated consumer."

Reed v. Pinnacle Credit Services, LLC, 2009 WL 2461852, at *4
(E.D.Pa. August 11, 2009) (DuBois, J.).

      Plaintiff contends that each of defendant's letters
violate Section 1692e and 1692e(10) of the Fair Debt Collection
Practices Act.  Specifically, plaintiff contends that the
January 5, 2011 letter was misleading because it indicated that
payment options were available but only offered plaintiff the
opportunity to make three monthly payments of $25.00 before being
expected to pay the entire balance in full.

      However, while the January 5, 2011 letter indicated
that "PAYMENTS ARE AN OPTION", it also clearly indicated that "WE
AGREE TO ACCEPT $25.00 PER MONTH FOR THE NEXT THREE MONTHS" and
that "AT THE END OF THREE MONTHS THE ARRANGEMENT WILL BE
REVIEWED".[24]

      The statement "PAYMENTS ARE AN OPTION" could only be
misleading, if at all, if plaintiff neglected to read the
remainder of the January 5, 2011 letter.  However, even the
"least sophisticated consumer" is presumed to have a "basic level
of understanding" and a  "willingness to read" collection letters
with care.  Campuzano, 550 F.3d at 298.  Therefore, I conclude
that the January 5, 2011 letter was not false or misleading.

---

[24]    Exhibit B to Complaint.

However, plaintiff also contends that the 35-day deadlines in the November 8, 2010 and January 20, 2011 letters were false and misleading because the deadlines did not in fact exist.

The inclusion of a deadline in a settlement offer does not violate the FDCPA.  However, in order to act consistently with 1692e, the debt collector "may not be deceitful in the presentation of the settlement offer."  Campuzano, 550 F.3d at 299 (quoting Goswami v. Am. Collections Enter., 377 F.3d 488, 496 (5th Cir. 2004)).

Where a debt collection letter contains an offer to settle by a specified date and makes it appear therein that such offer is a "one-time, take-it-or-leave-it offer", when in fact the debt holder is prepared to make other offers after the expiration date, the letter contains a false statement in violation of the FDCPA.  Dupuy v. Weltman, Weinberg & Reis Co., 442 F.Supp.2d 822, 828 (N.D.Cal. 2006); see also Goswami, 377 F.3d at 496.

A letter that leaves a consumer with such a false impression violates 1692e because an unsophisticated consumer may think that if they don't pay by the deadline, they will have no further chance to settle their debt for less than the full amount.  Evory v. RJM Acquisitions Funding L.L.C., 505 F.3d 769, 775 (7th Cir. 2007) (Posner, J.).

In Evory, Judge Richard A. Posner of the United States Court of Appeals for the Seventh Circuit held that if a collection letter contained the language, "We are not obligated to renew this offer", an unsophisticated consumer would not be misled because "even the unsophisticated consumer will realize that there is a renewal possibility but that it is not assured." Id.

Here, both the November 8, 2010 and January 20, 2011 letters stated, "WE ARE NOT OBLIGATED TO RENEW THIS OFFER."[25] Defendant contends that by including this "safe-harbor" language, it does not violate 1692e because the consumer is aware that the offers in the letters are not one-time offers.[26]

However, while the safe harbor language may ensure that the consumer will not perceive these letters as one-time offers, plaintiff alleges that the 35-day deadlines in the letters did not exist at all.  Therefore, whether the least sophisticated consumer would perceive the November 8, 2010 and January 20, 2011 letters as "one-time, take-it-or-leave-it" offers or as potentially renewable offers, each letter still contained false and misleading information because, as alleged by plaintiff, no deadline existed at all.

---

[25]    Exhibits A and C to Complaint.

[26]    Defendant's Motion to Dismiss at page 11.

The safe harbor language in <u>Evory</u> did not authorize debt collectors to present deadlines in collection letters that were in fact non-existent.  Therefore, I conclude that plaintiff's allegations that the collection letters included false deadlines -- even if those deadlines were presented as renewable offers -- is sufficient to state a claim under 1692e.[27]

Accordingly, even if the Third Circuit were to adopt the Seventh Circuit's safe-harbor language stated in Evory,[28] plaintiff's allegations are sufficient to state a claim under Section 1692e.  Therefore, I deny defendant's motion to the extent that it contends that plaintiff fails to state a claim under Section 1692e of the FDCPA.

<u>Section 1692f: Unfair practices</u>

Section 1692f of the FDCPA provides that "[a] debt collector may not use unfair or unconscionable means to collect

---

[27]    Moreover, I conclude that misrepresentations concerning deadlines in a collection letter constitute material misrepresentations.  Therefore, plaintiff has stated a claim under 1692e even if non-material, false representations do not violate the FDCPA.  See Donahue v. Quick Collect, Inc. 592 F.3d 1027, 1033 (9th Cir. 2010) ("We now conclude that false but non-material representations are not likely to mislead the least sophisticated consumer and are therefore not actionable under §§ 1692e or 1692f."); but see <u>Mushinsky v. Nelson, Watson & Assoc., LLC</u>, 642 F.Supp.2d 470, at *n.3 (E.D.Pa. Aug. 13, 2009) (Dalzell, J.) ("[T]he statute says that a 'debt collector may not use any false, deceptive, *or* misleading representation.'  Congress used the disjunctive 'or' here, which indicates that [plaintiff] may state a claim for an FDCPA violation by alleging that [defendant] made a representation that was false *or* deceptive *or* misleading." (Emphasis in original)).

[28]    The United States Court of Appeals for the Third Circuit has not explicitly analyzed whether the "We are not obligated to renew" language cited in <u>Evory</u> provides a safe-harbor for debt collectors.  However, the Third Circuit has indicated that the "use of settlement letters may allow resolution of a claim without the needless cost and delay of litigation and is certainly less coercive and more protective of the interests of the debtor."  <u>Campuzano</u>, 550 F.3d at 299.

or attempt to collect any debt." 15 U.S.C. § 1692f.  In order to state a claim under Section 1692f a plaintiff must identify some misconduct by the debt collector other than that which provides the basis for plaintiff's claims under other provisions of the FDCPA.  <u>Shand-Pistilli v. Professional Account Services, Inc.</u>, 2010 U.S.Dist. LEXIS 75056, at *17 (E.D.Pa. July 26, 2010) (O'Neill, S.J.).

Sections 1692f(1) - 1692f(8) provide examples of conduct that constitutes unfair or unconscionable means to collect a debt.[29]  Plaintiff does not contend that defendant's is

---

[29]    Specifically, section 1692f provides that the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

(2) The acceptance by a debt collector from any person of a check or other payment instrument postdated by more than five days unless such person is notified in writing of the debt collector's intent to deposit such check or instrument not more than ten nor less than three business days prior to such deposit.

(3) The solicitation by a debt collector of any postdated check or other postdated payment instrument for the purpose of threatening or instituting criminal prosecution.

(4) Depositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument.

(5) Causing charges to be made to any person for communications by concealment of the true purpose of the communication. Such charges include, but are not limited to, collect telephone calls and telegram fees.

(6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if--
(A) there is no present right to possession of the property

(Footnote 29 continued):

prohibited by any of the enumerated examples.

However, Section 1692f "broadly prohibits improper means 'to collect or attempt to collect' any debt, and its list of violative conduct in § 1692f is not exhaustive."   Allen v. LaSalle Bank, 629 F.3d 364, n4 (3d Cir. 2011).

There is no "substantial injury" requirement to the "unfair or unconscionable" test.   See McMillan v. Collection Professionals, Inc., 455 F.3d 754, 765-64.  For example, in Duffy v. Landberg, the United States Court of Appeals for the Eighth Circuit found that a letter stating interest charges that were less than two dollars over the actual interest the plaintiff owed to be a violation of 1692f(1), which prohibits collecting "any amount...unless such amount is expressly authorized by the agreement creating the debt or permitted by law."  215 F.3d 871, 875 (8th Cir. 2000).

---

(Continuation of footnote 29):

    claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement.

    (7) Communicating with a consumer regarding a debt by post card [and]

    (8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

Whether a debt collector uses unfair or unconscionable means to collect or attempt to collect a debt is generally a question for the jury.  See Voris v. Resurgent Capital Servs., L.P., 494 F.Supp.2d 1156, 1163 (S.D.Cal. 2007); United States v. ACB Sales & Service, Inc., 590 F.Supp. 561, 570 (D.Ariz. 1984).

Accordingly, courts have permitted plaintiffs to submit a "carefully designed and constructed consumer survey" to demonstrate that a reasonable person, in the position of the least sophisticated debtor, could view the conduct of a debt collector as unfair or unconscionable.  See McMillan, 455 F.3d at 759-60 (citing Chuway v. Nat'l Action Fin. Services, 362 F.3d 944, 948 (7th Cir. 2004)); see also Suquilanda v. Cohen & Slamowitz, LLP, 2011 U.S.Dist. LEXIS 102727 (S.D.N.Y. 2011).

Here, plaintiff alleges that defendant pressured plaintiff to borrow money to pay off an alleged debt, which would saddle plaintiff with new debt even after paying defendant. Additionally, plaintiff alleges that the letters sent by defendant required plaintiff to contact defendant by telephone to take advantage of a discount, thereby exposing plaintiff to additional pressures of in-person communication.

Defendant contends that plaintiff fails to state a Section 1692f claim because plaintiff's 1692f claim relies on the same facts as plaintiff's claims brought pursuant to 1692d and 1692e.  However, plaintiff's allegation that the letters required in-person contact to take advantage of the offer are not used as

- 21 -

a basis for any other violation.  Moreover, defendant has not otherwise provided any authority to support its contention that plaintiff fails to state a claim under Section 1692f.

Because whether the conduct of a debt collector is unconscionable is generally a question for the jury, I cannot conclude that plaintiff's allegations, as a matter of law, fail to state a claim under 1692f.

Accordingly, I deny defendant's motion to dismiss to the extent it contends that plaintiff fails to state a claim under Section 1692f of the FDCPA.

<u>CONCLUSION</u>

For the reasons expressed above, I grant defendant's motion in part and dismiss plaintiff's claim under 1692d without prejudice for plaintiff to file an Amended Complaint that provides a sufficient factual basis to support a plausible claim for harassment under 1692d.  I deny defendants' motion to dismiss in all other respects.

Accordingly, I give plaintiff until October 26, 2012 to file an Amended Complaint in accordance with this Opinion.  In the event that plaintiff does not file an Amended Complaint by October 26, 2012, defendant shall have until November 16, 2012 to answer plaintiff's Complaint alleging violations of sections 1692e and 1692f of the federal Fair Debt Collection Practices Act.